Jewell *v*. Brown.

*New trial granted.*

NOTE. — SHEPLEY, C. J., did not attend at the argument, and took no part in the decision.

JEWELL, *in error, versus* BROWN.

The rule that a party, who had the right to appeal, cannot bring error, is subject to qualifications.

By suffering judgment upon default, a defendant does not admit the jurisdiction of the Court, nor the correctness of the proceedings in the suit.

A judgment rendered by a court, having no jurisdiction of the person, is reversible on error.

Thus a judgment may be reversed, when rendered by a justice of the peace, of one county, the defendant's residence being in another county of the state.

A judgment in an action of *indebitatus assumpsit* upon an account annexed to the writ is erroneous, if the account annexed to the writ is against a third person, and not against the defendant.

BROWN, in 1850, brought an action against Jewell, before a justice of the peace, of the county of Somerset.

The action was *indebitatus assumpsit*, upon an account annexed to the writ. The only account annexed to the writ, was one against Maria Luce, for a balance due, $10,98.

Jewell did not appear before the justice, but was defaulted, and judgment was rendered against him for ten dollars ninety-eight cents, damage, and cost two dollars thirty-two cents.

This is a writ of ERROR, brought to reverse that judgment. The errors assigned, were, 1st. that Jewell resided in the county of Aroostook, and that, therefore, the justice by whom the judgment was rendered, had no jurisdiction; 2d. that the judgment was recovered, not for a debt alleged to be due from Jewell, but upon a debt alleged to be due from Maria Luce.

In the assignment of errors, it was alleged, that the judgment

recovered was for ten dollars and ninety-eight cents, damage, and *one dollar ninety-nine cents,* cost.

Brown moved that the writ of error be dismissed, because :—

1. It does not allege the error to have existed at the time when the writ was issued.

2. The error, if any, should have been pointed out by plea in abatement, in the original suit.

3. Error will not lie upon a judgment recovered on a default. 7 Mass. 475.

The motion was overruled, and Brown pleaded *in nullo est erratum.*

*Currier,* for the plaintiff in error.

As to the first assigned error, he cited R. S. chap. 114, sect. 15; Act of amendment, passed 16th April, 1841; Statute of 1842, sect. 3 and 4.

As to the second point, he cited *Smith* v. *Keen,* 26 Maine, 411.

*Foster,* for the defendant in error.

The error if any, should have been taken advantage of in abatement. 4 Mass. 591.

If personal service be made, the action may be maintained in the county where the service was made, unless a plea to the jurisdiction was seasonably filed.

The mistake, by which Luce's name, instead of Jewell's, was inserted in the account annexed to the writ, was amendable, and therefore not subject to revision on error.

Error will not lie for a defect which was amendable ; neither will it lie upon a judgment on default ; 7 Mass. 475 ; or on one from which the party might have appealed, as the original defendant in this case might have done.

HOWARD, J. — The plaintiff in error did not appear in the original suit, in which he was defendant, but judgment was rendered against him on default.

By suffering judgment by default, a party may admit the justice of the claim, but he does not thereby admit the jurisdiction of the court, or the correctness of the proceedings to

establish and enforce the claim.   He may safely rest upon the assumption that, unless the  process be  legal,  and the  service sufficient, and the jurisdiction certain, no judgment will be rendered against  him;  or if from  fraud,  accident, or  mistake, a judgment should be erroneously entered, that  the  whole may be  revised  on  error.   It  would  be  a  hard,  and an  unsafe rule to be established, that an  erroneous  judgment shall  stand,  unless  objected to by an  aggrieved  party,  *in  limine*;  or that a defendant who did not appear, but suffered default, had waived all right of objection to the  proceedings against him, although they might involve errors of  law, and of  fact.

The rule, therefore, that a party who had  the  right of appeal, cannot  bring  error,  is  subject  to qualifications.   If he was not duly served with legal process, or was prevented from defending by fraud, or inevitable  accident,  or  did not appear, when duly summoned, and an  erroneous judgment has been rendered against him, on default, he may  have  remedy by a writ of error.   *Howard* v. *Hill*,  31  Maine, 420 ;  *Thayer* v. *The Commonwealth*, 12 Metc. 9 ; *Monk* v. *Guild*, 3 Metc. 373.

The first error assigned is, that  the  defendant, at  the  time when the action was  commenced,  and  ever since,  resided in the county of  Aroostook ;  that the suit was brought to be tried before a justice of the  peace, in the  county of  Somerset,  and that the judgment sought to be reversed, was rendered by him in the county last mentioned.   These  facts  were not controverted, but were in effect admitted by the  plea.

By the  statute of 1842, chap. 10, sect. 3, the  action  triable by a justice of  the  peace, could not have been  commenced legally,  only in the county where the defendant resided.

The judgment was rendered on the first count in the declaration,  " being on the account annexed  to  the  writ."   But it appears that the account annexed to  the  writ was not against the defendant in that suit, but against *Maria  Luce*.   So that judgment was rendered on a  count  in  *indebitatus  assumpsit*, against the party, for the  indebtedness of  another  person  having no apparent  connection with  the  suit.   This  constitutes the substance of  the second error alleged.

There is a mis-recital in the assignment of errors, of the amount of costs, which may be corrected by the record.

Both errors are well assigned, and the judgment against the plaintiff in error must be reversed.